IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eligha Terrill Thompson, | C/A No. 8:21-2355-CMC |
| Petitioner, | |
| v. | |
| Ms. Wallace of Kirkland Correctional Institution, | **Order** |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* Petition filed in this court pursuant to 28 U.S.C. § 2254 on July 29, 2021. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").

On August 19, 2021, the Magistrate Judge issued a Report recommending this matter be dismissed. ECF No. 15. As noted in the Report, Petitioner appears to challenge his Chester County convictions for first degree burglary and strong-armed robbery from 2010. Such a challenge would be successive, as Petitioner has filed multiple previous petitions under §2254 challenging those convictions. *See* Case Nos. 8:20-cv-0866; 8:18-cv-3361; 8:18-cv-3030; 8:18-cv-0541.The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed no objections within the time for doing so, and his copy of the Report was not returned to the court.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error.  Petitioner must seek and receive permission from the Fourth Circuit Court of Appeals prior to filing a § 2254 Petition in this court.  This he has not done.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order.  This matter is dismissed without prejudice and without requiring Respondent to file a return.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

  **IT IS SO ORDERED**.

                  <u>s/Cameron McGowan Currie</u>
                  CAMERON MCGOWAN CURRIE
                  Senior United States District Judge

Columbia, South Carolina
September 15, 2021